UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD J. STUART, | ) | CASE NO. 1:22 CV 447 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| LAKE WEST HOSPITAL, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Donald J. Stuart, an inmate in the Richland Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against Lake West Hospital and "Administration and Staff." (Doc. No. 1 at PageID#: 1). He alleges that after his arrest on rape charges in 2013, hospital personnel forcibly extracted blood, saliva and semen samples from him while he was handcuffed. He asserts claims for "federal, civil, and state law violations," constitutional violations, denial of due process, deprivation of rights, unwarranted court orders, fraud, defamation and slander, aiding and abetting, collusion, "aforethought to commit violations and crimes," injustice, medical misconduct, manipulation of medical documents, and discrimination. (Doc. No. 1 at PageID#: 12). He seeks monetary damages.

I. **Background**

Plaintiff alleges that on June 12, 2013, he was arrested on charges of raping his daughter. He claims he was transported by Mentor police officers to Lake West Hospital for the purpose of obtaining DNA samples from him. He claims he was handcuffed as the medical personnel undressed him and forcibly extracted samples of blood, saliva and semen. He contends they

1

performed these tasks without a warrant from the Municipal Court and in a very degrading manner. He claims the police officers remained outside of the room, but the door was left open, exposing his body to anyone who walked by the room. He claims this was a violation of his rights under the Fourth Amendment to be free from unreasonable searches and seizures, a denial of due process, an invasion of privacy, and medical malpractice.

Plaintiff was bound over to the Lake County Court of Common Pleas in June 2013. The grand jury returned an indictment in November 2013 on charges of rape, kidnaping, and sexual battery. The jury returned a guilty verdict on November 13, 2018. The trial court sentenced Plaintiff to an aggregate total of sixteen years in prison. The Ohio Eleventh District Court of Appeals affirmed his conviction in June 2020.

**II.    Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, the statute of limitations expired for all the claims asserted in this action. Ohio's two-year statute of limitations for bodily injury applies to claims asserted under 42 U.S.C. §1983. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Plaintiff complains about events that occurred nearly nine years ago in June 2013, well beyond the expiration of the statute of limitations for a §1983 claim. Similarly, the statute of limitations under Ohio law for medical malpractice is one year from the date the cause of action accrued. OHIO REV. CODE § 2305.113(A). The statute of limitations for slander or libel and intentional torts is also one year. OHIO REV. CODE § 2305.11(A). These claims are also time-barred.

In addition, Plaintiff cannot assert claims in a civil rights action that collaterally attack or undermine his conviction. In order to recover damages for alleged harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff first must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512

U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff directly challenges the collection of his DNA for use in his prosecution for rape. He claims that collection was a warrantless search that violated his Fourth and Fourteenth Amendment rights. If those claims were found to have merit, it would call the validity of his conviction into question. He therefore cannot bring these claims unless his conviction was set aside by the Ohio Appellate Courts or by the issuance of a writ of habeas corpus. His conviction was upheld by the Eleventh District Court of Appeals and Plaintiff gives no indication that this federal court granted a writ of habeas corpus. Even if his claims were not time-barred, he could not bring them in a civil rights action.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

BRIDGET M. BRENNAN
U. S. DISTRICT JUDGE

Date: May 26, 2022